# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

APPLIED ENERGY OF AR-LA-MS, INC.,                                  PLAINTIFF
an Arkansas corporation

v.                            No. 5:14CV00301 JLH

PALL CORPORATION,
a New York corporation                                               DEFENDANT

## ORDER

Applied Energy of AR-LA-MS, Inc., an Arkansas corporation, commenced this action in the Circuit Court of Jefferson County, Arkansas, against Pall Corporation, a New York corporation, alleging that the parties had entered into a franchise agreement pursuant to the Arkansas Franchise Practices Act, Ark. Code Ann. §§ 4-72-201 *et seq*., and that Pall Corporation violated section 4-72-204 by terminating the franchise without giving ninety days' advance notice and without setting forth the reasons for the termination. Pall Corporation removed the action to this Court. This Court remanded the action, but after further proceedings in the state court, the action was removed a second time, and thereafter the Court denied a second motion to remand.

Pall Corporation has now filed a motion to transfer this action to the Eastern District of New York, relying upon the following provision in the distribution agreement into which the parties entered:

> h.      Governing Law; Venue: This Agreement is deemed to be made and executed in New York and shall be governed by and construed and interpreted in accordance with the laws of the State of New York, regardless of conflict of law principles therein. The Distributor agrees to accept service of process, by certified mail, return receipt requested to the address shown in this Agreement, and hereby submits to the exclusive jurisdiction of the Supreme Court of the State of New York, Nassau County, or the U.S. District Court for the Eastern District of New York for all suits or causes of action relating to or arising directly or indirectly from this Agreement. The Distributor acknowledges that such venue is proper, and waives any and all rights to object to such venue.

Document #17-1 at 14-15.  Judge P.K. Holmes of the Western District of Arkansas exhaustively analyzed the law pertaining to a similar contractual provision in *Bright Harvest Sweet Potato Co., Inc. v. H.J. Heinz Co., L.P.*, No. 2:12CV02155-PKH, 2013 WL 2458685 (W.D. Ark. June 6, 2013). Using federal law to determine whether the forum selection clause was valid and enforceable, Judge Holmes found that it was.  The same analysis applies here.

Applied Energy contends that the issue is whether the Arkansas Franchise Practices Act applies to the relationship between the parties, so this is not an action arising in contract.  The forum selection clause to which it agreed, however, provides for exclusive venue in the Eastern District of New York "for all suits or causes of action relating to or arising directly or indirectly from this Agreement."  That is a broad forum selection clause, and it is not ambiguous.  The present action relates to or arises directly or indirectly from the distribution agreement, so the present action is governed by the forum selection clause in the contract.

Applied Energy also contends that the result is unfair, arguing that it is being victimized by a wealthy international corporation, using its vast financial resources to the detriment of a small, local corporation.  Parties to a contract need not be equal in bargaining power before a forum selection clause can be enforced.  *Parsons Dispatch, Inc. v. John J. Jerue Truck Broker, Inc.*, 89 Ark. App. 25, 33, 199 S.W.3d 686, 691 (2004).  Moreover, other than making the assertion, Applied Energy has provided nothing to show that the forum selection clause was the product of overwhelming bargaining power on the part of Pall Corporation.  Even if the contract is a form contract and the individual provisions were not negotiated, that does not render the forum selection clause unenforceable.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S. Ct. 1522, 1527, 113 L. Ed. 2d 622 (1991).  Applied Energy does not argue that it was induced by fraud or duress to agree to the forum selection clause.  *Cf. Marano Enterprises of Kan. v. Z-Teca*

2

*Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (a forum selection clause is not enforceable if the inclusion of that clause was the product of fraud or coercion); *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (forum selection clauses are valid and enforceable unless they are invalid due to fraud or overreaching or would deprive a party of its day in court). Nor has Applied Energy argued that enforcement of the forum selection clause would violate the public policy of the State of Arkansas. *Cf. Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 974 (8th Cir. 2012) (consideration must be given to the public policy of the state in deciding whether to enforce a forum selection clause).

Applied Energy entered into the distribution agreement and thereby agreed to venue in the Eastern District of New York for all suits or causes of action relating to or arising directly or indirectly from the agreement. No legal principle authorizes this Court to disregard the parties' contract.

Pall Corporation's motion to transfer venue is GRANTED. Document #17. The Court directs the Clerk to transfer this action immediately to the Eastern District of New York.

IT IS SO ORDERED this 10th day of December, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE